UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL OTTO HARTMANN[1] and DIANE HARTMANN

Plaintiffs,

v.

DAVID E. SCHAUER and COUNTY OF SIBLEY

Defendants.

Civil No. 21-2146 (JRT/HB)

**ORDER GRANTING MOTION TO DISMISS**

---

Diane Hartmann, P.O. Box 304, Lafayette, MN 56054, *pro se* plaintiff.

Kenneth H. Bayliss and Ryan L. Paukert, **QUINLIVAN & HUGHES, PA**, P.O. Box 1008, Saint Cloud, MN 56302-1008, for defendants.

Plaintiffs Michael and Diane Hartmann filed this lawsuit against Defendants David E. Schauer, in his official and individual capacity, and the County of Sibley. The Hartmanns asserted several constitutional claims against Defendants all arising out of a dispute about the Hartmanns' compliance with certain zoning ordinances. Because absolute immunity bars the Hartmanns' money damages claims against Schauer, because the Hartmanns

---

[1] On January 14, 2022, the Court received a letter from Defendants' counsel, informing the Court that Plaintiff Michael Hartmann passed away on January 7, 2022. (Defs.' Letter, Jan. 14, 2022, Docket No. 28.) The Court expresses condolences to the Hartmann family. Since Diane Hartmann remains as a plaintiff, the Court need not consider a stay to evaluate the substitution of a new party, and the Motion to Dismiss can be addressed. Fed. R. Civ. P. 25(a)(2).

have failed to demonstrate *Monell* liability against the County of Sibley, and because the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction, the Court will grant Defendants' Motion to Dismiss and dismiss the Hartmanns' claims without prejudice.

## BACKGROUND

**I.     FACTUAL BACKGROUND**

Since 1976, the Hartmanns have operated a farm on land near Gibbon, Minnesota, within Sibley County. (Compl., ¶¶ 11–12, Sept. 29, 2021, Docket No. 1.) Their property is located within the S-1 Special Protection Shore Land District of Sibley County. (Compl., Ex. C.) In 1991, the Hartmanns constructed a home on the property with a subsurface sewage treatment system ("SSTS"). (Compl., ¶ 13.) At the time the SSTS was constructed, it was in compliance with the then-existing zoning codes of Sibley County. (*Id.*)

In August 2010, the Hartmanns modified a pole shed on the property and subsequently received a Notification of Zoning Ordinance Violation from Sibley County Environmental Services ("SCES") stating that the Hartmanns needed a zoning permit for the modification. (*Id.* ¶ 14; Compl., Ex. A.) The notice also stated that the Hartmanns would need to demonstrate that their septic system—the SSTS—conformed to the current Sibley County zoning ordinances in order to receive a permit. (Compl., Ex. A.)

Sibley County's Zoning Ordinance Article 300.14.14.22(c)(1) states:

> Non-conforming Sewage Treatment Systems: A sewage treatment system not meeting the requirements of this SUBDIVISION must be upgraded, at a minimum, at any time a

>permit or variance of any type is required for improvement on, or use of, the property.

(Compl., Ex. C.)

On February 4, 2011, County Attorney Schauer forwarded a letter to the Hartmanns asking the Hartmanns to contact SCES and apply for a zoning permit for the pole shed as well as requesting that the Hartmanns schedule a review of their septic system to determine compliance. (*Id.*) The Hartmanns communicated with SCES but did not comply, and Schauer eventually filed a civil enforcement action against Michael Hartmann[2] for his noncompliance. (*Id.*)

### A. State Court Proceedings

The civil enforcement action was filed on November 3, 2011 and on June 27, 2012, Michael entered into a settlement stipulation with Sibley County which required replacement of the SSTS on the property within three years. (Compl., ¶¶ 29–30.) The stipulation was entered as a court order with Judge Richard Perkins of Sibley County District Court signing off and retaining jurisdiction to ensure compliance. (Compl*.,* Ex. D.) After the settlement, Michael observed that other farms around him were constructing new buildings on their property and were not required to upgrade their SSTS.[3] (Compl., ¶ 33.)

---

[2] As Michael and Diane share the same last name, the Court will refer to them by their first names throughout when necessary and will refer to them collectively as the "Hartmanns."

[3] Michael assumed that his neighbors' septic systems were not compliant with the zoning ordinances.

The Hartmanns did not install a new SSTS in the next three years and on September 14, 2015, Schauer brought a motion to compel compliance. (Compl., Ex. H.) On November 30, 2015, the state court held a hearing and subsequently issued an order requiring the Hartmanns to: (1) contract with a state certified septic designer by the last day of the year; (2) submit the design to the Court and SCES by January 31, 2016; (3) contract with a state certified septic installer and file proof with the Court and SCES by March 31, 2016; and (4) complete the installation of the SSTS by May 31, 2016. (*Id.*) However, the Hartmanns did not install the SSTS as required by both the settlement agreement and the court order. (Compl., ¶ 35.)

A series of proceedings including the issuance and enforcement of multiple arrest warrants culminated in a hearing on January 12, 2017 in which Judge Timothy Looby ordered the Hartmanns to comply with the December 7, 2015 order. (*Id*. ¶ 39–40.) Still without a new SSTS system, on September 1, 2020, the Hartmanns filed a motion and supporting memorandum that sought to nullify the settlement agreement in which they had agreed to install a septic system. (*Id*. ¶ 57; Compl., Ex. I.) The state court proceedings are still ongoing.

### B. Federal Court Proceedings

Michael also sought relief in federal court. On November 22, 2016, Michael filed a 28-count complaint against Schauer and other unnamed defendants in this district. (Decl. Kenneth H. Bayliss Supp. Mot. Dismiss ("Bayliss Decl."), Ex. A, Oct. 21, 2021, Docket

No. 9.)[4] That complaint arose out of the state enforcement actions. (*Id.*) On July 5, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant Schauer's motion for judgment on the pleadings and that the Court deny Michael's motion for voluntary dismissal. (Bayliss Decl., Ex. B at 2.) The District Court adopted the R&R and granted Schauer's motion for judgment on the pleadings, dismissing some of Michael's claims with prejudice and some without. (Bayliss Decl., Ex. C at 4.) The Court found that the settlement stipulation signed by the Hartmanns was in effect through a state court order and that the Court did not have the jurisdiction to invalidate a state court order under the *Rooker-Feldman* doctrine. (*Id.* at 2.)

## II.   PROCEDURAL HISTORY

The Hartmanns filed the Complaint in this action on September 29, 2021 against Schauer and the County of Sibley seeking damages and injunctive relief arising out of the state court enforcement proceedings and stipulations. (Compl.) On October 21, 2021, Defendants moved to dismiss the Complaint, asserting several grounds supporting dismissal. (Defs.' Mot. Dismiss, Oct. 21, 2021, Docket No. 9.)

---

[4] On a motion to dismiss, the Court may consider documents that are necessarily embraced by the complaint, such as publicly available court filings. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

**DISCUSSION**

**I.      STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

When considering a motion to dismiss, pleadings submitted by pro se litigants are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.     ANALYSIS**

   **A.     Absolute Immunity**

"[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13

(1976). Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law. *Id.* at 420–27. Similarly, "agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts. . . . [T]hose officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz v. Economou*, 438 U.S. 478, 515–16 (1978).

In the present case, Schauer's filing of a civil enforcement action against the Hartmanns for alleged non-compliance with the zoning ordinances was a function analogous to a prosecutor. Schauer was acting in his role as county attorney to obtain compliance with the local zoning ordinances. Schauer is thus entitled to absolute immunity for damages liability relating to the present claims. This immunity, however, does not extend to actions for declaratory and injunctive relief. *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719, 736 (1980). Because the Hartmanns seek injunctive relief, Schauer is not entitled to absolute immunity on that claim.

### B. *Monell* Liability

To prevail in their claims against Sibley County, the Hartmanns must show that Sibley County's customs or policies were the "moving force" behind any constitutional violation. A municipality may be held liable for the unconstitutional acts of its employees when (1) a municipal policy or custom exists and (2) that policy or custom was the moving

force behind the constitutional violations. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

The Hartmanns' Complaint fails to identify any policy or custom that existed and that even slightly contributed to the alleged constitutional violation. Furthermore, outside of their own assertions, the Hartmanns have not provided the Court with any facts that would establish that the alleged selectiveness of enforcement against them amounts to a constitutional violation in the first place. As such, the Hartmanns have failed to plead *Monell* liability and their claims for both monetary and injunctive relief against Sibley County fail.[5]

### C. The *Rooker-Feldman* Doctrine

This leaves only the Hartmanns' claims for injunctive relief against Schauer. In particular, the Hartmanns ask the Court to award injunctive relief ordering "Defendants to cease and desist prosecution and persecution of Plaintiffs in this matter." (Compl., ¶ 96E.) Under the *Rooker-Feldman* doctrine, federal courts do not have subject-matter

---

[5] Plaintiff Diane Hartmann filed a Supplemental Memorandum of Law to inform the Court that the remaining state court proceeding in Sibley County, case number 72-CV-278, has been dismissed upon motion of the County as a result of the death of Michael Hartmann. Diane asserts that there was no basis for the dismissal because Lakeview Trust remains a legal entity. Diane claims the dismissal constitutes evidence supporting the Hartmanns' § 1983 claims brought herein. The County's actions are certainly a bit confusing given their adamant pursual of this civil action, however, the fact that the state court proceedings were dismissed does not alter the Court's analysis. This Court has no real grounds upon which to review state court proceedings, which is discussed *infra*, and furthermore, the dismissal alone, even in the light most favorable to Plaintiffs, does not plausibly demonstrate a constitutional violation occurred as a result of the municipalities policy or custom.

jurisdiction over challenges to state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (quoting *Exxon Mobil*, 544 U.S. at 284).

The Defendants' alleged "prosecution and persecution" of the Hartmanns in this matter stems from several court orders requiring the Hartmanns to bring their SSTS into compliance. The state court orders all require Hartmann to comply with the zoning ordinances because the Hartmanns agreed to do so in their June 2012 settlement stipulation. The Hartmanns, though framing the issues as constitutional violations, ask this Court to allow the Hartmanns to withdraw from their 2012 settlement which has been upheld and enforced by state courts.

Even though the Hartmanns assert that their claims arise out of equal protection, the jurisdictional bar extends to "indirect attempts . . . to undermine state court decisions." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). Federal district courts cannot exercise jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims adjudicated in state court. *Id.* at 548–49. The Hartmanns' claims of equal protection violations are inextricably intertwined with the enforcement actions in state court. Regardless of how the Hartmanns wish to spin the

issues before this Court, the case can be boiled down to a request for this Court to review a state court judgment, which is a job left exclusively to the United States Supreme Court. Therefore, all the claims in the Hartmanns' Complaint are barred by the *Rooker-Feldman* doctrine, including their claim for injunctive relief against Schauer.

## CONCLUSION

In sum, several grounds support the Court's decision to grant Defendants' Motion to Dismiss, and as such the Court will dismiss the Hartmanns' claims without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 6] is **GRANTED**.
2. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 28, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court